# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL, SON & CO., INC., d/b/a FRONTIER STEEL COMPANY, | ) ) ) | Civil Action No. 1:13-cv-00128-SJM |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| ERIK BEACH, ESMARK-EXCALIBUR LLC, and ERIC A. HOOVER, | ) ) ) ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Samuel, Son & Co., Inc., d/b/a Frontier Steel Company ("Frontier"), hereby serves the following First Set of Requests for Admission, Interrogatories and Requests for Production of Documents on Defendants Erik Beach ("Beach"), Esmark-Excalibur LLC ("Esmark-Excalibur"), and Eric A. Hoover ("Hoover") (collectively, "Defendants"). Responses to these Requests and Interrogatories are required from the Defendants within (i) the time-frame ordered by this Court (acting in response to Plaintiff's Motion for Expedited Discovery or otherwise) or (ii) as otherwise required by the Federal Rules of Civil Procedure, whichever is shorter.

**DEFINITIONS**

1. "Frontier," or "Plaintiff" means Samuel, Son & Co. d/b/a Frontier Steel Company, and any parent, subsidiary, affiliate, related entity, employee, officer, board member or agent thereof.

2.    "You," "Your" or "Defendants" means Erik Beach, Esmark-Excalibur LLC, and Eric A. Hoover.

3.    "Beach" means Erik Beach, individually.

4.    "Hoover" means Eric A. Hoover, individually.

5.    "Esmark-Excalibur" means Esmark-Excalibur LLC, and any parent, subsidiary, affiliate, related entity, employee, officer, board member or agent thereof.

6.    "Employee Manual" refers to Frontier's Employee Guidelines and Procedures Manual.

7.    "Confidential Information" means all confidential and proprietary information and trade secrets concerning or related to the business, operations, financial condition, pricing, customers, or customer prospects of Frontier, regardless of the form in which such information appears and whether or not such information has been reduced to tangible form, including, but not limited to: (a) purchasing and sales information; (b) the buying habits and purchasing schedules of Frontier's customers; (c) pricing practices; (d) other customer and prospective customer information, including listings of purchasing managers; (e) margin information; and (f) Frontier's pricing strategies.

8.    "Document" or "documents" means and includes, without limitation, any and all printed, recorded, written, typed, graphic, electronic or photographic matter whatsoever (including tape recordings and computer input or output), however produced, reproduced or stored, whether an original or a copy, and whether prepared, published or released by any person or entity, including but not limited to letters, reports, agreements, correspondence, intra-office or inter-office correspondence, electronic mail, spreadsheets, databases, minutes or records of meetings, reports or summaries, expressions or statements, lists, drafts and revisions, invoices,

receipts, original and preliminary notes, sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer cards, tapes, diskettes or other means of electronically or magnetically maintaining information and printouts, and things similar to any of the foregoing, regardless of author or origin.

9.      To "identify" a document means to provide the following information, irrespective of whether the document is deemed to be privileged or subject to a claim of privilege:

(a)     The title or other means of identification of each subject document;

(b)     The type of document (e.g., letter, memorandum or record);

(c)     The date of each such document;

(d)     The author of each such document;

(e)     The recipient or recipients of each such document;

(f)     The present location of any and all copies of each such document in Your care, custody, or control;

(g)     The names and current addresses of any persons who have custody or control of each such document or copies thereof; and

(h)     If all copies of the documents have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

In lieu of "identifying" any document, it shall be deemed sufficient compliance with these Requests and Interrogatories to attach a copy of each such document to the answers hereto and to reference said document to the particular Request or Interrogatory to which it is responsive.

10.    "Communication(s)" means all transmissions of information, the information transmitted, and any process by which information is transmitted, including but not limited to written, oral and electronic communications.

11.    "Person" means any natural person, corporation, partnership, limited liability company, proprietorship, association, governmental entity, agency, group, organization or group of persons.

12.    To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or a group of persons, means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons (e.g., governmental agency, corporation, partnership, limited liability company, joint venture, etc.) and to "identify" the natural person who would have knowledge of the information sought by the Request or Interrogatory.

13.    "Relating" or "related to" means concerning, referring or pertaining to, regarding, describing, evidencing, supporting, refuting, analyzing, reflecting, showing, forming the basis of, or constituting.

14.    "Or" means "and/or."

15.    "And" means "and/or."

16.    "All" means "any and all."

17.    "Any" means "any and all."

18.    Reference to the singular shall be construed to include the plural, and reference to the plural shall be construed to include the singular.

19.    All verbs shall be construed to include all tenses.

**INSTRUCTIONS**

1.      In responding to these Requests and Interrogatories, You are directed to produce such documents as are available to You and Your agents, including documents in the possession of Your attorneys, investigators and other representatives.

2.      In the case of any document that was, but no longer is, in Your possession, custody or control, You should state the disposition of any such document, the reason for such disposition and the date of such disposition.

3.      If You claim any form of privilege, whether based on a statute or otherwise, as a ground for not responding to a Request for Admission, Interrogatory or Document Request or producing any document responsive thereto, You should set forth in complete detail each and every fact upon which the claim of privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.  Such facts should include the following:

(a)     The title of the document withheld;

(b)     A general description of the subject matter of the document withheld;

(c)     The name of its author;

(d)     The date on which it was prepared;

(e)     A complete list of all persons who have been sent copies of the document;

(f)     A complete list of all persons who have been permitted to see the document;

(g)     A complete list of all persons who have knowledge of the information contained in the document; and

(h)     The name and address of all persons who maintain custody or control over any copy of each document withheld at the time these document requests are answered.

- 6 -

4.    If You are unable to respond to any of the following Requests or Interrogatories in full, You should so state, specifying the reasons for Your inability to respond.

5.    Each of these Requests and Interrogatories is to be regarded as continuing.  If, subsequent to producing a document or providing a response pertaining to any Request or Interrogatory, You obtain or become aware of additional information or documents pertaining to any Request or Interrogatory, You shall provide, by way of supplemental responses and documents thereto, any such information that will augment or otherwise modify a response as given.

## REQUESTS FOR ADMISSION

1.       Admit that Beach forwarded customer contact lists on November 20, 2012 from

Frontier's computer network to the following email address: ecbeach27@hotmail.com.

Admitted_____              Denied_____

2.       Admit that Beach forwarded documents listing Frontier target accounts on

November 20, 2012 to the following email address: ecbeach27@hotmail.com.

Admitted_____              Denied_____

3.       Admit that Beach forwarded documents listing Frontier's top customers on

November 20, 2012 to the following email address: ecbeach27@hotmail.com.

Admitted_____              Denied_____

4.       Admit that Beach accessed Frontier's Quarterly Business Review Presentation for

the 1st Quarter of 2013 on April 22, 2013 on Frontier's computer network.

Admitted_____              Denied_____

5.       Admit that Kathleen B. Martin, Adrienne Talarico, and Ryan P. Morgan reported

directly to Beach during their employment at Frontier.

Admitted_____              Denied_____

6.        Admit that the document attached to the Complaint as Exhibit A is a true and correct copy of an offer letter signed by Beach dated January 3, 2013.

Admitted_____        Denied_____

7.        Admit that the document attached to the Complaint as Exhibit B is a true and correct copy of a "Receipt and Acknowledgement of Samuel, Son & Co., Inc. Employee Guidelines & Procedures Manuel," signed by Beach dated January 2, 2013.

Admitted_____        Denied_____

8.        Admit that the Employee Manual required employees of Frontier, including Beach, to keep Frontier's Confidential Information, trade secrets, patents or specialized know-how confidential whether or not an agreement to that effect has been signed.

Admitted_____        Denied_____

9.        Admit that knowledge of Frontier's gross margins on sales would be useful to a company seeking to compete with Frontier for orders.

Admitted_____        Denied_____

10.       Admit that Beach restored the IPhone that was issued to him by Frontier to its factory settings prior to returning it to Frontier.

Admitted_____        Denied_____

11.	Admit that Beach received payment for his equity interest in Frontier Steel Company.

Admitted_____	Denied_____

12.	Admit that Beach was aware when he accepted payment for his equity interest that he intended to join Esmark-Excalibur in an executive or sales capacity.

Admitted_____	Denied_____

13.	Admit that Beach participated in the hiring of Kathleen B. Martin, Adrienne Talarico, Todd C. Davis, and Ryan P. Morgan by Esmark-Excalibur.

Admitted_____	Denied_____

14.	Admit that Hoover participated in the hiring of Beach, Kathleen B. Martin, Adrienne Talarico, Todd C. Davis, and Ryan P. Morgan by Esmark-Excalibur.

Admitted_____	Denied_____

15.	Admit that Hoover visited a Frontier customer with Beach in the month of November 2012.

Admitted_____	Denied_____

16.     Admit that Hoover and Esmark-Excalibur were aware that Kathleen B. Martin, Adrienne Talarico, Todd C. Davis and Ryan P. Morgan were employed by Frontier when they were offered positions at Esmark-Excalibur.

Admitted_____                    Denied_____

17.     Admit that Esmark-Excalibur has not instructed Beach, Kathleen B. Martin, Adrienne Talarico, Todd C. Davis, and Ryan P. Morgan that they are prohibited from using information they learned at Frontier in carrying out their job duties at Esmark-Excalibur.

Admitted_____                    Denied_____

18.     Admit that Esmark-Excalibur directly competes with Frontier for customers and orders.

Admitted_____                    Denied_____

## INTERROGATORIES

1.       Identify any individual(s) who provided information for the purpose of assisting in the preparation of Your responses to these Requests for Admission, Interrogatories, and Requests for Production of Documents.

**RESPONSE:**


2.       Identify all persons known to You who may have knowledge or information relating to the claims made and/or the conduct alleged by Plaintiff in this action, including in Your answer a brief statement of the subject matter of each such person's knowledge or information.

**RESPONSE:**


3.       As to any Request for Admission above to which You did not respond with an unqualified admission, please state the complete legal and factual basis for Your denial or partial denial of the statement contained in such Request or Your objection thereto.

**RESPONSE:**


4.       Identify all witnesses whom You intend to call at any hearing and/or trial in connection with this lawsuit – including, without limitation, a preliminary injunction hearing – including in Your response: (1) the witness's name and address; and (2) the anticipated content or subject matter of the witness's testimony.

**RESPONSE:**

5.      Describe with particularity Your efforts to preserve, collect, search and produce potentially responsive documentation and information in this action.

**RESPONSE:**

6.      Describe with particularity the nature of Esmark-Excalibur's business, products and services.

**RESPONSE:**

7.      Identify and list by category all products or services currently sold or offered for sale by Esmark-Excalibur.

**RESPONSE:**

8.      Identify any document that You have ever had in Your possession, custody or control that reflects or relates in any way to Frontier's business, customers or operations.

**RESPONSE:**

9.      Identify each actual or potential (i) customer or (ii) supplier with whom you have had any communications or interactions at any time between November 2012 and the present, and for each such person or entity describe the following:

        a.      the person or entity's contact information;
        b.      the date and location the person or entity was contacted;
        c.      the means by which the person or entity was contacted;

     d.     the reason the person or entity was contacted; and

     e.     whether any business was or is being conducted with the person or entity, and, if so, the nature of all such business.

**RESPONSE:**

10.     Describe the terms of Esmark-Excalibur's contractual or other business relationships with each of the following:

     a.     Erik Beach

     b.     Kathleen B. Martin

     c.     Adrienne Talarico

     d.     Todd C. Davis

     e.     Ryan P. Morgan

**RESPONSE:**

11.     Identify all owners and investors of Esmark-Excalibur.

**RESPONSE:**

12.     Identify any steps that Esmark-Excalibur has taken to ensure that no confidential information relating to Frontier, Frontier's customers, or Frontier pricing is used by Beach, Kathleen B. Martin, Adrienne Talarico, Todd C. Davis, and Ryan P. Morgan.

**RESPONSE:**

- 13 -

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents that were identified or otherwise referred to in Your answers to the Interrogatories and Requests for Admission.

**RESPONSE:**

2.      Produce for forensic inspection any personal laptop, desktop, tablet, smart phone, flash drive or other storage media used by Erik Beach for business purposes from January 1, 2012 to the present.

**RESPONSE:**

3.      All correspondence, documents and communications sent from Beach's Frontier e-mail account to any personal e-mail account used by him from 09/01/2012 to the present.

**RESPONSE:**

4.      All correspondence, documents and communications (including text messages) exchanged between Beach and any Frontier employee since November 2012, including but not limited to Kathleen B. Martin, Adrienne Talarico, Todd C. Davis, or Ryan P. Morgan.

**RESPONSE:**

5.      All correspondence, documents and communications (including any text messages) exchanged between (i) Beach and Esmark-Excalibur and/or (ii) between Beach and any employees and/or principals of Esmark-Excalibur, including but not limited to Hoover.

**RESPONSE:**

6.      All correspondence, documents and communications (including text messages) exchanged between Esmark-Excalibur and/or Hoover and any Frontier employee, including but not limited to Beach, Kathleen B. Martin, Adrienne Talarico, Todd C. Davis or Ryan P. Morgan.

**RESPONSE:**

7.      All correspondence, documents and communications exchanged between You and any third party, customer, potential customer, supplier or vendor of Esmark-Excalibur since November 2012.

**RESPONSE:**

8.      All correspondence, documents and communications exchanged between You and any third party, customer, potential customer, supplier or vendor of Frontier since November 2012.

**RESPONSE:**

9. All correspondence, documents and communications exchanged between You and any third party relating to the claims asserted and/or the conduct alleged by Plaintiff in this action or any defenses thereto.

**RESPONSE:**

10. All correspondence, documents and communications relating to or evidencing the negotiation of Beach's employment with Frontier.

**RESPONSE:**

11. All correspondence, documents and communications relating to or evidencing the negotiation of Beach's employment with Esmark-Excalibur.

**RESPONSE:**

12. All correspondence, documents and communications relating to or evidencing the negotiation of Kathleen B. Martin, Adrienne Talarico, Todd C. Davis or Ryan P. Morgan by Esmark-Excalibur.

**RESPONSE:**

13. All documents and communications evidencing or relating to the duties of Beach, Kathleen B. Martin, Adrienne Talarico, Todd C. Davis or Ryan P. Morgan under the Employment Manual, including but not limited to the duty not to disclose Frontier's confidential information.

**RESPONSE:**

14.     All contents of the Esmark-Excalibur personnel files of Beach, Kathleen B.

Martin, Adrienne Talarico, Todd C. Davis or Ryan P. Morgan.

**RESPONSE:**

15.     All documents and communications reflecting or describing the job duties of

Beach, Kathleen B. Martin, Adrienne Talarico, Todd C. Davis or Ryan P. Morgan at Esmark-

Excalibur.

**RESPONSE:**

16.     All documents relating to or listing target sales amounts, customers or accounts

assigned to or developed by Beach, Kathleen B. Martin, Adrienne Talarico, Todd C. Davis and

Ryan P. Morgan.

**RESPONSE:**

17.     Any and all business plans or proposals developed or prepared by Beach.

**RESPONSE:**

18.     All documents submitted to lenders describing the business or planned growth of Esmark-Excalibur or any planned expansion in the carbon steel market.

**RESPONSE:**

19.     All documents upon which You intend to rely in Your defense to the claims brought by Plaintiff in this action.

**RESPONSE:**

20.     All documents or items that You intend to present as an exhibit during any hearing, trial or other proceeding in this action – including, without limitation, a preliminary injunction hearing.

**RESPONSE:**

Respectfully Submitted,

COHEN & GRIGSBY, P.C.

By: */s/ Barbara A. Scheib*
      Barbara A. Scheib (Pa. ID No. 82584)
      Leah R. Imbrogno (Pa. ID No. 309450)

625 Liberty Avenue
Pittsburgh, PA 15222-3152
(412) 297-4900
(412) 209-0672 (facsimile)

*Attorneys for Plaintiff, Samuel, Son & Co., Inc., d/b/a Frontier Steel Company*

Dated: _____, 2013

1857094.v1

- 18 -