IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL, SON & CO., INC., d/b/a FRONTIER STEEL COMPANY, | ) ) ) | Civil Action No. 13-128-SHM |
| *Plaintiff,* | ) ) | |
| | ) | Judge Sean McLaughlin |
| v. | ) ) | |
| | ) | |
| ERIK BEACH, ESMARK-EXCALIBUR LLC, and ERIC A. HOOVER, | ) ) ) | **Electronically filed** |
| *Defendants.* | ) ) | |

## PRELIMINARY INJUNCTION ORDER

AND NOW, on this _____ day of _____, 2013, upon consideration of

Plaintiff, Samuel, Son & Co., Inc., d/b/a Frontier Steel Company's ("Frontier") Complaint, its

supporting Declaration, its Motion for Preliminary Injunction, its Memorandum, and the

responses and submissions of Defendants, if any, and having held a hearing on _____

_____, 2013, the Court finds that Frontier has established that:

1.      The rights of Plaintiff with respect to its trade secret and proprietary information

are being violated and/or will be violated and that any and all such actual or threatened violations

justify that Defendants be restrained from engaging in certain business activities;

2.      Plaintiff will suffer irreparable harm and loss if Defendant Erik Beach is

permitted to continue performing any services on behalf of Esmark-Excalibur LLC and/or use,

disclose, rely upon, draw on, or otherwise capitalize upon Frontier's trade secrets or proprietary

and confidential information to the benefit of anyone other than Frontier;

3. Plaintiff will suffer irreparable harm and loss if Defendant Esmark-Excalibur LLC does not prohibit other former Frontier sales personnel from soliciting or contacting customers that they became familiar with as a result of their employment at Frontier;

4. Plaintiff will suffer irreparable harm and loss if Defendants are permitted to solicit, contact or hire additional employees of Frontier;

5. Plaintiff has established a likelihood of success on the merits of its claims;

6. Plaintiff will suffer irreparable harm if the injunction is denied;

7. Granting relief will not result in even greater harm to Defendant; and

8. The public interest favors such relief.

**It is hereby ORDERED and DECREED that Plaintiff's Motion for a Preliminary Injunction is GRANTED** and that:

a. Defendant Beach is hereby immediately enjoined and restrained from performing any services on behalf of Esmark-Excalibur LLC or any entity or person affiliated with Esmark-Excalibur LLC, either directly or indirectly;

b. Defendant Esmark-Excalibur LLC is ordered to take steps to ensure that no former Frontier sales representative has contact with or participates in quoting, soliciting or servicing business from any customer he or she had contact with on Frontier's behalf;

c. Defendants are hereby immediately enjoined and restrained from contacting, soliciting, or offering employment to any employee of Frontier;

d. Defendants and any persons who are in active concert or participation with Defendants are enjoined from using or disclosing Frontier's trade secrets or proprietary and confidential information to the benefit of anyone other than Frontier, and/or from deleting or failing to preserve any evidence relating to this matter; and

e.      Defendants and any persons who are in active concert or participation with Defendants must return to Frontier all confidential information in whatever format relating to Frontier or its business.

f.      This Preliminary Injunction Order shall become effective when Frontier posts a surety bond with the Clerk of this Court in the sum of $_____; and

g.      This Preliminary Injunction Order shall remain in effect unless otherwise modified by an order of this Court.

SO ORDERED.

ENTERED this _____ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE