# EXHIBIT B

Barbara A. Scheib
Direct Dial 412.297.4947

bscheib@cohenlaw.com
Direct Fax 412.209.1861

April 24, 2013

**VIA FEDERAL EXPRESS**

Eric Hoover, President
Esmark-Excalibur LLC
9723 U.S. Highway 322
Conneaut Lake, PA 16316-1941

**c/o Scott E. Westwood, Esq.**

Re: Samuel, Son & Co., Inc. and Frontier Steel Company

Dear Mr. Hoover:

We are legal counsel to Samuel, Son & Co. and its operating division Frontier Steel Company (collectively, "Frontier"). This letter is intended to place you and Esmark-Excalibur LLC ("Esmark-Excalibur") on notice that Frontier is prepared to pursue any lawful means necessary to (i) prevent further interference with Frontier's employment relationships, and (ii) protect Frontier's commercially sensitive trade secrets from being exploited for Esmark-Excalibur's gain.

Specifically, please be advised that our firm has been retained to conduct an inquiry into Esmark-Excalibur's role in the mass defection this week of a substantial portion of Frontier's sales force to work for Esmark-Excalibur. Based on currently available information, we have reason to believe that Esmark-Excalibur employees or agents conspired with Erik Beach, the former Vice President of Sales for Frontier, to interfere with Frontier's contractual relationships with its employees and customers. Frontier has reason to believe that Mr. Beach intends to solicit additional Frontier employees. We also have been engaged to evaluate whether sales records, pricing or other sensitive information (in either hard copy or electronic form) was removed from Frontier's premises. We have been authorized to file suit if we discover (i) that Esmark-Excalibur is in possession of any proprietary information relating to Frontier or its customer relationships, or (ii) that Esmark-Excalibur induced or aided and abetted breaches of fiduciary duty by Mr. Beach.

As of this afternoon, we are aware of the following wrongful conduct that Esmark-Excalibur has either participated in or benefitted from.

- **Interference with Frontier's employment relationships.** On April 22, 2013, Mr. Beach, three Frontier sales representatives and a Frontier traffic coordinator simultaneously quit without notice. We believe that each of these individuals was

solicited to terminate their employment and work for Esmark-Excalibur. This systematic targeting and solicitation of Frontier's personnel was undertaken for the unlawful purpose of attempting to damage Frontier's sales operation and to misappropriate Frontier's customer goodwill and confidential information. *See Morgan's Home Equipment Corp. v. Martucci*, 136 A.2d 838, 847-48 (Pa. 1957)("systematic inducing of employees to leave their present employment and take work with another is unlawful when the purpose of such enticement is to cripple and destroy an integral part of a competitive business organization.") Frontier will hold Esmark-Excalibur responsible for any resulting damages.

- **Misappropriation and threatened misappropriation of trade secrets.** Based on what has been disclosed to Frontier by Mr. Beach, it appears that Esmark-Excalibur intends to place all of Frontier's former employees in positions that closely resemble or are identical to the positions they held at Frontier. During their employment at Frontier, Mr. Beach, Adrienne Talarico, Kathleen Martin, Todd Davis and Ryan Morgan had access to a wealth of proprietary information and trade secrets, including information relating to Frontier's products, pricing, and customers. Beach had additional access because of his position to highly confidential Samuel, Son & Co. pricing information. Each of these individuals was subject to the terms of the Samuel, Son & Co. Employee Guidelines & Procedures Manual, and each expressly acknowledged that they would be provided confidential information during the course of their employment and would not utilize or exploit that information on behalf of any other individual or company. Esmark-Excalibur has created a situation in which it will likely be impossible for Frontier's former employees to abide by this restriction. At a minimum, the use of Frontier's confidential information is threatened. Courts will issue injunctions to prevent employees from starting a new job if the proposed position creates a sufficient likelihood or substantial threat of disclosure of trade secrets of a prior employer. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 110-17 (3d Cir. 2010). Absent additional information that would satisfy Frontier's concerns, my client does not consent to the employment of these individuals in any position that would permit them to attempt to sell the same or similar products to customers they dealt with during their employment at Frontier.

In light of these facts, I am writing to demand the following while our inquiry continues. First, Frontier demands that Esmark-Excalibur immediately sequester and prepare to return any records or electronic data relating to Frontier or its business that have come into Esmark-Excalibur's possession. Second, Frontier demands that you take steps to preserve all records reflecting communications with Mr. Beach, Ms. Martin, Ms. Talarico, Mr. Davis, or Mr. Morgan regarding any potential employment or other business relationship. Third, Frontier demands that Esmark-Excalibur cease and desist from soliciting or making any further offers of employment to Frontier employees. Fourth, Frontier demands that Esmark-Excalibur delay deploying any

former Frontier employee in any sales role until Frontier has had an opportunity to complete its investigation into their pre-resignation conduct. Finally, Frontier requests job descriptions for the positions that each of its former employees will fill so that it can evaluate whether their duties can be carried out without compromising confidential information. In light of the seriousness of the situation, Frontier demands a response by not later than April 30, 2013.

We look forward to your response and anticipated cooperation.

Very truly yours,

COHEN & GRIGSBY, P.C.

By:

Barbara A. Scheib

BAS/jec
1853168.v1
cc:     John M. Matig
        Al Bromley