IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL, SON & CO., INC., d/b/a ) <br> FRONTIER STEEL COMPANY, ) <br> ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ERIK BEACH, ESMARK-EXCALIBUR LLC, ) <br> and ERIC A. HOOVER, ) <br> ) <br> Defendants. ) | Civil Action No. 13-128 Erie <br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION

**I.    INTRODUCTION**

Plaintiff Samuel, Son & Co., Inc., d/b/a Frontier Steel Company ("Frontier" or "Plaintiff") initiated this civil action against Defendants Erik Beach ("Beach"), Esmark-Excalibur LLC ("Esmark-Excalibur"), and Eric A. Hoover ("Hoover") (collectively, "Defendants") seeking injunctive relief and damages arising from the alleged misappropriation and misuse of confidential business information and trade secrets. In its complaint, Plaintiff asserts claims of breach of fiduciary duty (Count I), inducement of breach of fiduciary duty (Count II), misappropriation of trade secrets (Count III), and tortious interference with employment relationships (Count IV). Presently pending before the Court are Plaintiff's Motion to Expedite Discovery (Docket No. 5), Plaintiff's Motion for Preliminary Injunction (Docket No. 6), Defendants' Motion for Summary Judgment (Docket No. 20), and Plaintiff's Motion to Deny or Defer Consideration of Defendants' Motion for Summary Judgment (Docket No. 25). For the reasons set forth below, Plaintiff's Motion to Expedite Discovery and Motion to Defer

Consideration are each GRANTED; Plaintiff's Motion for Preliminary Injunction and Defendant's Motion for Summary Judgment are each DENIED without prejudice.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332.

**II.    FACTUAL BACKGROUND**

The underlying facts giving rise to this litigation are relatively straightforward, but heavily disputed. By way of background, Frontier, a leading distributor and processor of carbon steel plate products, hired Beach in October, 2003. (Docket No. 1 at ¶¶ 16, 22). By 2011, Beach had become an equity owner of the business. (*Id*. at ¶22). When Samuel, Son & Co. purchased Frontier's assets in December, 2012, Beach accepted a position as Vice President of Sales. (*Id*. at ¶ 23).

Throughout his employment, Beach had access to Frontier's proprietary, confidential business information and "trade secrets." (*Id*. at ¶¶ 34, 38-39). According to Frontier, this included "purchasing and sales information," "the buying habits and purchasing schedules of Frontier's customers," "pricing practices," "customer and prospective customer information," "margin information," and "pricing strategies." (*Id*. at ¶ 29). Frontier avers that such information is treated as strictly confidential by the company and that reasonable security measures, including password protection and non-disclosure obligations, are utilized to ensure secrecy. (*Id*. at ¶¶ 31-33).

On April 22, 2013, Beach abruptly resigned from his position at Frontier and accepted an offer of employment from Esmark-Excalibur, a competitor in the carbon steel product industry. (*Id*. at ¶ 50). On that same date, four other members of Frontier's sales team, each of whom had been supervised by Beach, resigned and similarly accepted employment with Esmark-Excalibur.

(*Id*. at ¶ 51).  Frontier contends that each of these employees immediately began utilizing Frontier's confidential information and trade secrets in order to solicit business for their new employer.  (*Id*. at ¶¶ 53-56).

After Beach's defection to Esmark-Excalibur, Frontier discovered that Beach had emailed hundreds of pages of Frontier's customer information, sales data, vendor contacts, and pricing information from his Frontier email account to his personal email account in November, 2012.  (*Id*. at ¶ 43).  Beach sent additional customer and pricing lists and contact information to his personal email account throughout January and February, 2013.  (*Id*. at ¶ 46).  Finally, Beach accessed "a series of highly confidential company records over a several-day period leading up to his resignation," including confidential materials prepared for the company's quarterly meeting.  (*Id*. at ¶ 47).  Frontier contends that Beach, through each of these actions, willfully and intentionally breached his fiduciary duty to Frontier by misappropriating confidential information and trade secrets in anticipation of accepting employment with a direct competitor.

Defendants offer an alternative explanation for each of the aforementioned acts.  By way of affidavit, Beach avers that he forwarded Frontier's customer lists and other files to his personal email address for the sole purpose of performing legitimate work at home for Frontier on evenings and weekends, rather than to misappropriate confidential information.  (Docket No. 22 at ¶¶ 13-17).  Beach states that he continued to access confidential files throughout January and February of 2013, the months leading up to his resignation, in order to assist Frontier in completing a required business report.  (*Id*. at ¶¶ 32-37).  Finally, Defendants aver that all of the confidential customer information that Beach possessed at the time of his resignation has either been destroyed or has already been returned to Frontier.  (*Id*. at ¶¶ 53-56).

### III. PROCEDURAL HISTORY

Frontier initiated this action by filing a complaint on May 7, 2013, and the case was assigned to Judge Sean J. McLaughlin. (Docket No. 1). Immediately thereafter, Frontier filed a Motion to Expedite Discovery (Docket No. 5) and Motion for Preliminary Injunction (Docket No. 6). Defendants responded to the Motion to Expedite Discovery on May 29, 2013 (Docket No. 11), and Frontier filed a brief in reply on June 5, 2013 (Docket No. 19). With respect to the Motion for Preliminary Injunction, Defendants responded on June 13, 2013 (Docket No. 24) and Frontier replied on July 2, 2013 (Docket No. 27).

Contemporaneous to their response to Frontier's preliminary injunction motion, Defendants, on June 11, 2013, filed a Motion for Summary Judgment. (Docket No. 20). Frontier responded by filing a Motion to Deny, or in the Alternative, Defer Consideration of Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d) on June 19, 2013. (Docket No. 25). Defendants filed a brief in opposition to that motion on July 15, 2013 (Docket No. 28), and Frontier replied on August 5, 2013 (Docket No. 29). After requesting and receiving leave to file a sur-reply brief, Defendants filed the same on August 9, 2013. (Docket No. 31).

On August 27, 2013, this matter was reassigned to the undersigned judge. (Docket No. 32). Each of the aforementioned motions is fully briefed.

### IV. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation or by court order." FED. R. CIV. P. 26(d)(1). Although

Rule 26 clearly authorizes expedited discovery, the Federal Rules offer no guidance as to when such discovery is appropriate, and the Third Circuit has yet to adopt a standard for evaluating such requests. *See Leone v. Towanda Borough*, 2012 WL 1123958, *2 (M.D. Pa. Apr. 4, 2012) (citing *Kone Corp. v. ThyssenKrupp USA, Inc.*, 2011 WL 4478477, *3 (D. Del. Sept. 26, 2011)). In the absence of any such guidance, district courts within this circuit have typically "require[d] the party seeking discovery to show 'good' cause for its motion, such that the request is 'reasonable' in light of the circumstances." *Kone Corp.*, 2011 WL 4478477, at **3-4.[1] This standard requires the court to consider whether "the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701, *10 n. 22 (W.D. Pa. Apr. 3, 2008) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Good cause is usually found "when a party seeks a preliminary injunction, and when physical evidence may be consumed or destroyed with the passage of time, thus causing one or more parties to be disadvantaged." *Id*. at *2 (citing *Metal Bldg. Components, L.P. v. Caperton*, 2004 U.S. Dist. LEXIS 28854, *10 (D. N.M. Apr. 2, 2004)).

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[1] A less-frequently applied standard utilizes "factors similar to those used in reviewing a request for injunctive relief" in determining whether expedited discovery is appropriate. *See Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D. N.Y. 1982). This standard requires the moving party to demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Id.* at 405 (S.D. N.Y. 1982). However, because "the recent trend among district courts in the Third Circuit favors application of a 'good cause' or reasonableness standard to resolve motions for expedited discovery," *Leone*, 2012 WL 1123958, at *2, the Court will address Frontier's motion pursuant to that standard. *See, e.g., Kone Corp.*, 2011 WL 4478477, at *5 (noting that "the majority of other jurisdictions" apply the reasonableness standard and adopting the same); *Exclusive Supplements, Inc. v. Abdelgawad*, 2013 WL 160275, *1 (W.D. Pa. Jan. 15, 2013) (applying the good cause standard).

moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In order to defeat a well-supported summary judgment motion, the non-moving party "may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3rd Cir. 2007) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-26 (1986)). Consequently, it is axiomatic that a court is "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Id.* at 257 (citing *Dowling v. City of Phila.*, 855 F.2d 136, 139 (3rd Cir. 1988)). To this end, Rule 56(d) provides the following procedure for opposing a premature summary judgment motion:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d); *see also Celotex*, 477 U.S. at 326 (noting that "[a]ny potential problem with . . . premature [summary judgment] motions can be adequately dealt with under [Rule 56(d)], which allows a summary judgment motion to be denied . . . if the nonmoving party has not had an opportunity to make full discovery.").

V.   DISCUSSION

   A.   **Plaintiff's Motion for Expedited Discovery**

In its motion for expedited discovery, Frontier contends that a period of narrow and limited discovery is necessary to facilitate the preservation of evidence within Defendants'

exclusive control and to prepare for an anticipated hearing on Frontier's preliminary injunction motion. Frontier seeks leave to serve interrogatories, take depositions, and to examine, *inter alia*, any electronic storage devices and email accounts used by Beach during the time periods relevant to the alleged misappropriation of confidential data. (Docket No. 5, Exhibit A). Frontier contends that this evidence is required to support its contentions that Beach misused his access to Frontier's confidential information and trade secrets and that Esmark-Excalibur utilized this access to unfairly compete with Frontier. (Docket No. 26 at 5).

Defendants' raise two primary arguments in opposition to Frontier's expedited discovery request. First, they suggest that a large portion of the discovery which Frontier seeks is already within Frontier's control and, consequently, early discovery is unnecessary. Secondly, they contend that the substantive allegations set forth in the complaint and in Frontier's preliminary injunction motion are simply without merit.

Given the procedural posture of this case and the contested issues of fact highlighted in the parties' filings, the Court finds that Frontier's discovery request is reasonable for several reasons. As an initial matter, courts have frequently observed that "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Phila. Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, 1998 WL 404820, *2 (E.D. Pa. July 15, 1998) (quoting *Educata Corp. v. Scientific Computers, Inc.*, 599 F.Supp. 1084, 1088 (D. Minn. 1984)); *see also Sawhorse Enterprises, Inc. v. Church & Dwight Co., Inc.*, 2013 WL 1343608 (D. N.J. Apr. 3, 2013) ("If narrowly tailored to fit the needs of a preliminary injunction hearing, leave to conduct expedited discovery should be granted.") (citing *Entertainment Tech. Corp. v. Walt Disney Imagineering*, 2003 WL 22519440, *3 (E.D. Pa. Oct. 2, 2003)); *Abdelgawad*, 2013 WL 160275, at * 1 (granting limited discovery to assist the

parties with preparations for a preliminary injunction hearing).  Where critical factual evidence is in dispute, as here, a period of narrow, targeted discovery in advance of a preliminary injunction hearing can help to "crystallize the issues for the preliminary injunction hearing" and "ensure a clear and focused factual record."  *Kone Corp.*, 2011 WL 4478477, at *7; *see also Abdelgawad*, 2013 WL 160275, at * 1 ("Given the wildly divergent factual assertions made by the parties in their filings . . . it is clear that this case would benefit from conducting some discovery prior to [a] preliminary injunction hearing").

Secondly, there is nothing to suggest that Defendants will be prejudiced by a limited period of discovery at this juncture.  Indeed, both parties have indicated in their filings that they engaged in productive discussions in an attempt to arrive at a stipulated early discovery schedule but were simply unable to agree to "all terms."  (Docket No. 11 at 6; Docket No. 19 at 2 n. 1).

Finally, many of Defendants' objections to Frontier's request for expedited discovery have less to do with the merits of the discovery request and more to do with the merits of the underlying case.  This is most compellingly illustrated by Defendants' premature attempt to terminate this litigation by way of a Rule 56 motion.  Simply put, Defendants' reluctance to engage in expedited discovery is squarely at odds with their contention that this matter is ripe for summary judgment.

In sum, the Court concludes that Frontier's motion for expedited discovery is supported by good cause.  However, the Court cautions that such discovery must be narrowly directed towards only those disputed factual issues pertinent to the preliminary injunction motion.  *See Kone Corp.*, 2011 WL 4478477, at *7 ("[A]n expedited discovery motion is not the proper vehicle for obtaining . . . broad-ranging discovery.").  To that end, the parties are instructed to

confer and reach an agreement concerning the scope of early discovery and the deadlines applicable thereto as set forth in the accompanying order.

### B. Defendant's Motion for Summary Judgment and Plaintiff's Motion to Deny/Defer Consideration

For many of the same reasons outlined above, the Court concludes that Defendants' motion for summary judgment is premature. As required by Rule 56(d), Plaintiff has supplied an affidavit setting forth the essential facts which it requires to oppose summary judgment, many of which overlap those sought through expedited discovery. (Docket No. 26, Exhibit A). It is well-settled that "the summary judgment process presupposes the existence of an adequate record." *Abington Friends Sch.*, 480 F.3d at 257 (citations omitted). Where "discovery is incomplete in any way material to a pending summary judgment motion," a properly supported Rule 56(d) motion should be granted. *Id*. at 257-58; *see also Celotex*, 477 U.S. at 326 (noting that Rule 56(d) is the appropriate vehicle for disposing of premature motions for summary judgment).

In the instant case, no discovery has taken place at all, severely undermining Frontier's ability to respond to Defendants' summary judgment motion. Accordingly, Frontier's Rule 56(d) motion is granted, and Defendants' motion for summary judgment is denied without prejudice to be revisited upon a more fully developed record.[2]

## VI. CONCLUSION

---

[2] In light of the Court's decision to grant a period of expedited discovery, Frontier's Motion for Preliminary Injunction is similarly denied without prejudice. Frontier is instructed to file an Amended Motion for Preliminary Injunction, if so desired, within ten days of the close of the expedited discovery period.

For all of the foregoing reasons, Plaintiff's Motion to Expedite Discovery and Motion to Defer Consideration are each GRANTED; Plaintiff's Motion for Preliminary Injunction and Defendant's Motion for Summary Judgment are each DENIED without prejudice.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

CC/ECF:      All parties of record.
Date:        September 11, 2013