IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL, SON & CO. INC. d/b/a<br>FRONTIER STEEL COMPANY,<br>                Plaintiff,<br><br>        v.<br><br>ERIK BEACH, ESMARK-EXCALIBUR,<br>LLC and ERIC A. HOOVER,<br>                Defendants. | Civil Action No. 13-128E |

**MEMORANDUM ORDER**

This matter once again comes before the Court on continuing discovery disputes between the parties in this action involving alleged trade secret misappropriation and tortious inference with contractual relations claims. The parties were initially ordered to conduct limited discovery in relation to a Motion for Preliminary Injunction filed by Plaintiff and after receiving an extension, participated in limited discovery for a period of almost four months, (i.e., from 9/26/13 to 1/17/14). (Docket No. 37). Despite the Court's Orders, the parties made little progress during this four month period of limited discovery, reporting that they exchanged some written discovery but took no depositions, and at the conclusion of the extended period, Plaintiff notified the Court that it no longer intended to pursue a preliminary injunction against Defendants. (Docket Nos. 42, 50). At that juncture, this Court convened a case management conference on February 10, 2014 and entered a Case Management Order stating that fact discovery in the case was ordered to close as of July 30, 2014. (Docket No. 54). During discovery, and with consent of the parties, a number of contested discovery motions were forwarded to Court-appointed Special Master Gary Hunt, Esquire, and his Report and Recommendation on those matters (Docket No. 75), was adopted as the Opinion of the

1

Court on June 4, 2014, (Docket No. 76), as neither party lodged any objections to same. Under this Order, both parties were directed to produce certain documents to their opponents. (Docket Nos. 75, 76). Among other things, Plaintiff was ordered to produce communications and other documents pertaining to a Group of 19 customers with whom Plaintiff contends Defendants tortiously interfered. (*Id.*).

As the discovery deadline approached, the parties advised the Court via an email status report on July 30, 2014 that they had a number of additional discovery disputes and requested an opportunity to meet and confer regarding their disputes. *See 7/30/14 Email from M. Betts, Esquire to Law Clerk*. In response to this communication, the Court entered a Text Order on 7/30/14 granting them one week to meet and confer in an effort to narrow their disputes and requested a follow-up status report by August 5, 2014. *See Text Order 7/30/14*. Plaintiff's counsel provided the Court with the status report as requested in an email dated August 5, 2014, stating the following:

> For the updated Joint Status Report required by the Court's July 30, 2014 Order, counsel advise that they have narrowed the remaining discovery issues through a meet and confer session held on August 1, 2014 and further communications. Provided that the parties comply with the commitments they have made with respect to other issues, each party now has only one discovery issue to present. The parties request referral to the Special Master for resolution of these disputes.

*See 8/5/14 Email from L. Imbrogno to Law Clerk*. The Court then entered another Text Order, setting a briefing schedule "on the one discovery dispute per side" and referring "such discovery disputes" to Mr. Hunt to prepare another Report and Recommendation. *See Text Order 8/5/14*.

Pursuant to the Court's Order, the parties filed cross-motions on contested discovery matters with Defendants filing their Motion for Sanctions and Brief in Support on August 14, 2014, (Docket Nos. 80, 81), and Plaintiff following with its Motion to Compel Information and Documents on

2

August 15, 2014, (Docket No. 82). The parties filed timely opposition briefs to the respective motions on August 22, 2014. (Docket Nos. 83, 84). Special Master Hunt filed his Report and Recommendation initially on September 8, 2014, (Docket No. 86), and later filed an amended Report and Recommendation on September 10, 2014, (Docket No. 87), correcting an inadvertent error in the initial report.

In brief summary, Special Master Hunt recommended that both Motions be granted, in part and denied, in part. (Docket No. 87). As to Defendants' Motion for Sanctions, the Special Master found that Plaintiff had violated the holding of the earlier Report and Recommendation, which was adopted as the Opinion of the Court, by failing to produce certain documents to Defendants concerning its own communications with the Group of 19 customers for the time period of April 23, 2013 until the present. (*Id.*). Specifically, the Special Master held that:

> [Plaintiff's] argument gives too narrow a reading of the scope of discovery. The record of dealings and communications between Plaintiff and the Group of 19 after the individual Defendants left the employ of Plaintiff could bear directly upon both the merits of the tortious interference claims of the Plaintiff and the defenses of the Defendants. Furthermore, those records could specifically address the damage claims being made by the Plaintiff.

(Docket No. 87 at 5). The Special Master continued that Plaintiff's interpretation of a second document request was also too narrow and would render the interrogatory a nullity. (*Id.* at 6). However, rather than recommend the sanctions requested by Defendants, (i.e., an order precluding Plaintiff from introducing evidence in support of its tortious interference claim), the Special Master instead recommended the alternative sanction that the responsive documents be produced and that Defendants be afforded an additional 30 days of follow-up discovery related to any matters stemming from the forthcoming production of documents by Plaintiff. (*Id.*).

With respect to Plaintiff's Motion to Compel, the Special Master found that Plaintiff was entitled to only Sales Order Acknowledgements as to a single customer, specifically, Kasgro Rail ("Kasgro"), because the discovery requests as to Kasgro sought discovery which was not at issue in the first round of discovery motions and was timely served on Defendants. (*Id.*). The Special Master noted that Plaintiff stated in its Motion to Compel that it had agreed to narrow its request for Kasgro documents to the Sales Order Acknowledgements and that Defendants agreed to produce such documents during the meet and confer held on August 1, 2014. (*Id.*). The Special Master further recommended that the discovery requested as to 10 additional customers was untimely served on Defendants because Plaintiff served this discovery on July 11, 2014, which did not permit Defendants the full 30 days to respond as is set forth under the Federal Rules, prior to the close of discovery on July 30, 2014. (*Id.*). Finally, the Special Master recommended that Plaintiff be ordered to produce to Defendants records of communications between Plaintiff and Kasgro Rail under a "linked exchange" pursuant to which the parties would exchange their respective communications as to each of the customers at issue. (*Id.* at 11).

Defendants did not file any objections to the Report and Recommendation. Presently before the Court are Plaintiff's Objections to Special Master's Report and Recommendation (Docket No. [88]), and Defendants' Response in Opposition thereto (Docket No. [89]). The Court has fully considered the parties' positions and conducted a *de novo* review of the competing motions addressed in the latest Special Master's Report and Recommendation. The Court now turns to its analysis of Plaintiff's objections, starting with the relevant legal standards.

    *1.    Relevant Legal Standards*

Issues relating to the scope of discovery permitted under the Federal Rules of Civil Procedure

4

rest in the sound discretion of the court. *Harris v. Pa. Bd. of Prob. & Parole*, Civ. No. 3:12-cv-0674, 2013 WL 5551206, *2 (M.D. Pa. Oct. 8, 2013) (citing *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987)). Generally, discovery may be had of "any matter relevant to the subject matter involved in the action" and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Bracey v. Harlow*, No. 11-04, 2012 WL 4857790 (W.D. Pa. Oct. 12, 2012) (Kelly, M.J.); *see also Thomas v. Lawler*, No. 10-2437, 2013 WL 949483 (M.D. Pa. Mar. 11, 2013). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under FED. R. CIV. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Bracey*, 2012 WL 4857790, at *2. Additionally, discovery may be denied where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

It is also well established that after the discovery period has closed, the period for discovery

may be reopened only upon a showing of good cause. *See Pritchard v. Dow Agro Sciences*, 255 F.R.D. 164, 175 (W.D. Pa. 2009) (citing FED. R. CIV. P. 16(b)(4)). "To establish 'good cause' in this context, the party seeking an extension should show that more diligent pursuit in discovery was impossible." *Id.* (citation omitted).

   *2.     Kasgro Rail Documents*

With respect to Plaintiff's Objections [88] to the recommended disposition of its Motion to Compel as to the Kasgro documents, the Court holds that such Objections are OVERRULED.

First, the Court concurs with the Special Master's Report and Recommendation to the extent that it is interpreted as enforcing an agreement reached by counsel for the parties during the meet and confer held between counsel on August 1, 2014 and pursuant to which Plaintiff, through its counsel, agreed to limit its discovery request to the Sales Order Acknowledgements between Defendants and Kasgro and Defendants, through counsel, agreed to produce same. (*See* Docket No. 87 at n.3). As is reflected in this Court's prior Orders in this case, (*see Text Order 11/14/13*; Docket No. 54), § II.N. of this Court's Practices and Procedures, and in numerous Memorandum Orders and Opinions authored in prior cases, this Court fully promotes the meet and confer process as an efficient means to resolve discovery disputes. This process can only be furthered if the Court enforces agreements reached during meet and confer sessions and requires the parties and their counsel to perform their respective obligations under the bargains which have been achieved. Here, Plaintiff admitted in its Motion to Compel that an accord was reached concerning the Kasgro Sales Order Acknowledgements. (Docket No. 82 at ¶ 10 ("At the parties' meet and confer session on August 1, 2014, in the spirit of compromise and in light of the closing discovery period, [Plaintiff] Frontier agreed to limit its request for additional customer information to the Sales Order Acknowledgements

6

indicating that Steel City Plate and/or Excalibus made sales to those customers.")). Accordingly, the Court will enforce Plaintiff's limitation on the scope of its discovery request to the Kasgro Sales Order Acknowledgements and Defendants will be required to produce such documents to Plaintiff.

In addition, even if the Court did not enforce the agreement brokered by counsel during the meet and confer, the Court does not believe that Plaintiff has met its burden to demonstrate that the additional documents should be produced in light of the applicable standards upon which discovery motions are evaluated. *See Bracey*, 2012 WL 4857790, at *2. To this end, Plaintiff's expressed willingness to accept only the Kasgro Sales Order Acknowledgements demonstrates the marginal relevance of any additional documents it initially sought between Kasgro and Defendants and further informs the Court that the burden or expense of the proposed discovery does not outweigh its likely benefit due to the unimportance of such discovery material to resolving the issues in the case. *See Panthera Rail Car LLC v. Kasgro Rail Corp.*, Civ. A. No. 13-679, 2014 WL 896635, at *1-2 (W.D. Pa. Mar. 6, 2014) (quoting Fed. R. Civ. P. 26(b)(2)(C)). Further, Plaintiff has not specifically countered Defendants' position set forth in both its original opposition brief to the Motion to Compel and in its Response to Plaintiff's current Objections. In this regard, it is undisputed that Plaintiff is seeking the Kasgro information to buttress its damages case against Defendants but that key witnesses of Plaintiff conceded during depositions in this case that they had no information that Plaintiff had entered into any contractual agreements with Kasgro or that Defendants had misappropriated trade secrets concerning this entity. (*See* Docket Nos. 84, 89). Hence, these additional facts (or lack thereof) certainly color the Court's evaluation of the factors noted in Rule 26(b)(2)(C) and its conclusion that the instant discovery request for information beyond the parties' agreement should be denied. *See Panthera*, 2014 WL 896635, at *2.

Plaintiff also maintains that the discovery of the additional communications between Defendants and Kasgro should be ordered based on the Special Master's additional recommendation that Plaintiff be directed to produce its own communications with Kasgro to Defendants under a "linked exchange" of discovery he has promoted in resolving the discovery disputes between these parties. (Docket No. 87). But, Plaintiff has not objected to the aspect of the recommendation directing it to produce its own Kasgro documents to the defense, (*see* Docket No. 88), and the Court does not believe that the applicable Rules or general considerations of fairness dictate that the "linked exchange" justifies a further production of information as to Kasgro by Defendants. Again, Plaintiff requested the Kasgro Sales Order Acknowledgements in order to support its damages case against Defendants but Rule 26(a)(1)(A) requires Plaintiff to make initial disclosures of any such information it has concerning damages to Defendants independent of any requests for production served on it during discovery. *See* FED. R. CIV. P. 26(a)(1)(A)(ii) and (iii).[1] In addition, although fact discovery has closed, each party retains a duty to supplement its discovery production pursuant to Rule 26(e). *See* FED. R. CIV. P. 26(e).[2] Accordingly, in this Court's estimation, the applicable

---

[1] The relevant portion of Rule 26(a)(1) provides, that:
(1) Initial Disclosure.
(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
…
(ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
(iii) a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1).

[2] Rule 26(e) provides:

subsections of Rule 26 largely render the recommendation by the Special Master that Plaintiff must produce its own Kasgro communications to Defendants superfluous because such communications are clearly required to be produced. But, given the continuing discovery disputes between these parties, including Plaintiff's failure to produce responsive documents it was previously directed to produce under this Court's Order of June 4, 2014, such directive appears both necessary and appropriate.

3. *Scope of Plaintiff's Production*

Plaintiff next lodges a series of Objections to the scope of Plaintiff's production recommended by the Special Master as to Defendants' Motion for Sanctions. (Docket No. 88). Specifically, Plaintiff seeks clarification that the time period for responsive documents be limited to the period of April 22, 2013 through June 1, 2013 and that it not be required to produce documents concerning ten customers to which its own Motion to Compel was denied as untimely. (Docket No. 88-1). In response, Defendants accede to Plaintiff's requests for the requested modifications. (Docket No. 89). Given this apparent agreement, the Court will sustain Plaintiff's Objections [88] in part, and accept the parties' proposed modifications to the R & R, as is reflected in the Order below.

4. *Plaintiff Should be Permitted to Engage in Follow-Up Discovery*

Plaintiff's last Objection that the Court modify the Special Master's Report and Recommendation to permit Plaintiff to conduct 30 days of follow-up discovery with regard to

---

(e) Supplementing Disclosures and Responses.
(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

Defendants' supplemental production of documents is OVERRULED. Again, as noted in § 2 above, the Defendants' supplemental production has been limited to Sales Order Acknowledgements between Defendants and Kasgro entities. As this information will purportedly be used by Plaintiff to be included in its damages calculation, no such follow-up fact discovery should be necessary. Further, the requested follow-up discovery was not timely because Plaintiff did not request an extension of the discovery period for the purpose of conducting any follow-up discovery in the event that the documents it sought through its Motion to Compel (including the Sales Order Acknowledgements) were ordered to be produced. (*See* Docket No. 82). Thus, Plaintiff has also made no effort to establish "good cause" necessary to reopen the discovery period and it clearly was not impossible for Plaintiff to have timely sought such an extension. *See Pritchard*, 255 F.R.D. at 175.

The Court further notes that, as the Special Master persuasively recounts in the Report and Recommendation, the follow-up discovery afforded to Defendants is expressly limited to the information that Plaintiff failed to produce as directed by this Court's Order of June 4, 2014, (Docket No. 76), and is authorized only due to "the failure of Plaintiff to provide its communications with the Group of 19, if not remedied, will significantly impair the ability of the Defendants to defend the tortious interference claims or the damages claimed to be suffered due to such alleged interference." (Docket No. 87 at 7). In this Court's opinion, no such prejudice will inure to Plaintiff and its untimely request for such additional discovery is denied.

5. *Order the Court*

Before entering its Order, the Court notes that the Special Master's Report and

---

(B) as ordered by the court.

Recommendation was entered on September 10, 2014 and the parties have not objected to many aspects of Mr. Hunt's recommendations, particularly as to the production of certain classes of documents by each party within 20 days, making them initially due by September 28, 2014. In this Court's estimation, the parties should have already taken the appropriate steps to prepare those documents for service on their opponents, despite Plaintiff's pursuit of the instant Objections. This Court also recognizes its duty to construe and administer the applicable Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Accordingly, the Court will order that the parties produce any documents to be served under this Order within 7 days.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Objections to the Report and Recommendation are OVERRULED, IN PART and SUSTAINED, IN PART, and the Report and Recommendation [87] of the Special Master is adopted as the Opinion of the Court, as clarified in this Order of Court;

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions [80] is DENIED as follows:

 a. The specific relief sought in Defendants' Motion for Sanctions is denied but the Court orders alternative relief to Defendants;

 b. Within 7 days of this Order or by **October 16, 2014**, Plaintiff shall provide Defendants the records of Plaintiff's communications and transactions with those customers identified in its Supplemental Response to Interrogatory No. 5, except that Plaintiff shall not be required to produce communications and transactions that are not

---

FED. R. CIV. P. 26(e).

included in Plaintiff's July 14, 2014 damages calculation. The time period for which such materials are to be produced is from April 22, 2013 to June 1, 2014;

 c. Defendant shall be provided with a 30 day period commencing on **October 16, 2014** and ending on **November 17, 2014**, during which it will be permitted to engage in follow up discovery as to the communications and documents to be produced by Plaintiff under this Order; and,

 d. Because the specific relief requested by Defendants was denied, counsel fees will not be assessed against Plaintiff under Rule 37(b)(2)(C).

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel [82] is GRANTED, IN PART, and DENIED, IN PART, as follows:

 e. Plaintiff's Motion is denied as to the Group of 10 identified in Plaintiff's Supplemental Response to Defendant's Discovery Requests and in the July 21, 2014 letter of Plaintiff's counsel;

 f. Plaintiff's Motion is granted to the extent that Defendants are directed to produce Sales Acknowledgement Forms between Kasgro and Defendants within 7 days of this Order or by **October 16, 2014**; and,

 g. Within 7 days of this Order or by **October 16, 2014**, Plaintiff shall produce to Defendants records of the communications between Plaintiff and Kasgro for the period of time between April 22, 2013 and June 1, 2014;

IT IS FURTHER ORDERED that the parties shall endeavor to promptly and fully comply will all aspects of this Court's Order and that <u>no further fact discovery disputes will be entertained by the Court</u>; and,

FINALLY, IT IS ORDERED that the Court will convene a telephonic post fact discovery status conference on **November 17, 2014 at 3:30 p.m.** In advance of the conference, and by **November 10, 2014**, the parties shall file a Joint Status Report setting forth their agenda for the conference, to include: (a) a proposed expert discovery schedule; (b) a proposed schedule on the disposition of summary judgment motions; (c) whether the parties are interested in a second referral to the previously appointed ADR neutral and/or a settlement conference with a United States Magistrate Judge; and, (d) any other issues that counsel would like to bring to the Court at that time.

                                                                 *s/Nora Barry Fischer*
                                                                 Nora Barry Fischer
                                                                 U.S. District Judge

Date:   October 9, 2014

cc/ecf:  All counsel of record

       Gary Hunt, Esquire (by email to: ghunt@tuckerlaw.com)